UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------- X

GOTTBETTER CAPITAL MASTER, LTD.       :
(In Liquidation),                                           :                  Civil Action No.
                                                                   :            1:07-cv-11374 (GEL)
                                        Plaintiff,          :
                                                                   :                   (ECF)
                    -against-                              :
                                                                   :         **NOTICE OF MOTION**
CHARYS HOLDING COMPANY, INC.,        :
                                                                   :
                                      Defendant.        :

---------------------------------------------- X

PLEASE TAKE NOTICE, that upon: (i) the accompanying Affidavit of Nathan A.

Goldberg, sworn to on January 11, 2007; (ii) the moving papers filed by plaintiff Gottbetter

Capital Master, Ltd. (in liquidation) in support of its Motion for Summary Judgment in Lieu of

Complaint pursuant to N.Y. C.P.L.R. § 3213, in the Supreme Court of the State of New York,

County of New York, Index No. 603750/07; (iii) Plaintiff's Rule 56.1 Statement of Material

Facts As to Which There Are No Genuine Issues to be Tried, dated January 11, 2007, annexed

hereto as Exhibit A; and (iv) all other papers and proceedings filed and had herein, plaintiff will

move this Court, before the Hon. Gerard E. Lynch, United States District Judge, at the Daniel

Patrick Moynihan Courthouse, Courtroom 6B, 500 Pearl Street, NY, NY 10007, for an Order

pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of plaintiff, in an amount

totaling no less than $9,586,118, as adjusted for contractual interest and late charges accruing

post-October 30, 2007, plaintiff's costs and expenses including reasonable attorneys' fees, pre

and post-judgment interest, and such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that defendant must serve its answering papers, if any, within 10 business days of the service hereof, pursuant to Rule 6.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.


DATED:  New York, New York
        January 11, 2008

                                        SULLIVAN & WORCESTER LLP

                                        By:_____
                                            Nathan A. Goldberg (NG 5742)
                                        1290 Avenue of the Americas, 29th Floor
                                        New York, New York  10104
                                        (212) 660-3045

                                        *Attorneys for Plaintiff Gottbetter*
                                        *Capital Master, Ltd. (In Liquidation)*


To:   CONDON & FORSYTH LLP
      7 Times Square
      New York, New York 10036
      (212) 490-9100
      Attn.:  Stephen J. Fearon, Esq.
              Bartholomew J. Banino, Esq.

      *Attorneys for Defendant Charys*
      *Holding Company, Inc.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GOTTBETTER CAPITAL MASTER, LTD.                    :
(In Liquidation),                                  :              Civil Action No.
                                                   :           1:07-cv-11374 (GEL)
                        Plaintiff,                 :
                                                   :                  (ECF)
            -against-                              :
                                                   :
CHARYS HOLDING COMPANY, INC.,                      :
                                                   :
                        Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE ARE NO GENUINE ISSUES TO BE TRIED

Plaintiff Gottbetter Capital Master, Ltd. (in liquidation) ("GCM"), by its undersigned

attorneys, Sullivan & Worcester LLP, respectfully submits this Statement of Undisputed

Material Facts As to Which There Are No Genuine Issues to be Tried, pursuant to Rule 56.1 of

the Local Rules of the United States District Courts for the Southern and Eastern Districts of

New York, in further support of its Motion for Summary Judgment.

### BACKGROUND

1.      Plaintiff GCM is a Cayman Islands exempted company that, among other things,

provides financing to publicly traded companies such as defendant Charys Holding Company,

Inc. ("Charys"). (Gottbetter Aff., ¶ 5.)[1] GCM's principal business offices are located at 488

Madison Avenue, 12th Floor, New York, NY 10022. (Id.)

2.      Defendant Charys is a Delaware corporation and its principal business offices are

located at 1117 Perimeter Center West, Suite N415, Atlanta, GA 30338. (Id. ¶ 6, Ex. C, p. 1.)

---

[1] References to the "Gottbetter Aff." and "Attorney's Statement" mean the Adam S. Gottbetter Affidavit sworn to on
November 13, 2007, and the Attorney's Statement sworn to on November 12, 2007, filed in support of plaintiff
GCM's Motion for Summary Judgment in Lieu of Complaint, in the Supreme Court of the State of New York, New
York County. For the convenience of the Court, copies are attached to the accompanying Affidavit of Nathan A.
Goldberg sworn to on January 11, 2008, as Exhibits C and D, respectively.

3.      On or about April 30, 2007, Charys issued a series of subordinated unsecured convertible notes to GCM and certain other investors (the "Other Investors"), in exchange for their shares of Charys' Series D Cumulative Preferred Stock (the "Preferred Stock"). (Gottbetter Aff., ¶ 9; Attorney's Statement, ¶¶ 2, 10.)

4.      As part of this transaction, GCM was issued a subordinated unsecured convertible note (the "Note"), in the principal amount of $8,354,043, in exchange for 500 shares of Charys' Preferred Stock.[2] (Id.)  In relevant part, the Note provides that,

> Charys Holding Company, Inc. ... (the "**Company**"), hereby promises to pay to the order of GOTTBETTER CAPITAL MASTER, LTD. or registered assigns ("**Holder**") the amount set out above as the Principal ( ... the "**Principal**") when due, whether upon the Maturity Date ..., on any Installment Date with respect to the Installment Amount due on such Installment Date ..., acceleration, redemption or otherwise ... and to pay interest ("**Interest**") on any outstanding Principal at a rate equal to 8.75% per annum (the "**Interest Rate**"), from the date set out above as the Issuance Date (the "**Issuance Date**") until the same becomes due and payable, whether upon any Installment Date or, the Maturity Date, acceleration, conversion, redemption or otherwise ...[3]

(Gottbetter Aff., ¶ 10; see also Attorney's Statement, ¶ 11.)

5.      The Note further provides that: (a) "[o]n each Installment Date, the Company shall pay to the Holder an amount equal to the Installment Amount due on such Installment Date." (Id.)  The base Installment Amounts and Installment Dates are set forth in Exhibit II of Note, and consist of both Principal and accrued Interest calculated at the non-default Interest Rate of 8.75% per annum.  (Id.)  The base Installment Amounts were subject to adjustment for Late Charges and accrued Interest calculated at the default Interest Rate of 15% per annum.  (Id.)

---

[2] By its terms, the Note is to "be construed and enforced in accordance with ... the internal laws of the State of New York." (Gottbetter Aff., ¶ 7.) GCM and Charys have agreed to "the exclusive jurisdiction of the state and federal courts sitting in The City of New York, Borough of Manhattan." (Id. 8.)

[3] Unless stated otherwise herein, capitalized terms shall have the same meaning ascribed to those terms in the Note. (See Gottbetter Aff., Ex. A.)

2

6.     The first Installment Amount of $500,000 was paid by Charys on or about May 15, 2007.  (Gottbetter Aff., ¶ 12.)

EVENTS OF DEFAULT

7.     As Charys admits in its Form 10-KSB for fiscal year ending April 30, 2007 (the "Form 10-KSB"), in material breach of the Note, Charys failed to pay, in full and on time, the Installment Amount due on July 2, 2007, in the base amount of $447,663.89 (the "July Payment").  (Gottbetter Aff., ¶ 13; Attorney's Statement, ¶ 12.)

8.     Charys belatedly paid a $200,000 portion of the July Payment on August 10, 2007, and a $247,000 portion of the July Payment on August 15, 2007.  (Gottbetter Aff., ¶ 13.) To date, the July Payment has not been paid in full.  (Id.; Attorney's Statement, ¶ 12.)

9.     In further material breach of the Note, Charys admits in its Form 10-KSB that it failed to pay to GCM the Installment Amounts due on August 1, September 3, and October 1, 2007, in the base amounts of $847,478.40, $726,180.07, and $721,242.79, respectively. (Gottbetter Aff., ¶ 14; Attorney's Statement, ¶ 12.)

10.    As a result of Charys' failure to pay the Installment Amounts on the Installment Dates set forth above, Charys was obligated to pay to GCM, among other things:  (a) Interest at the default Interest Rate of 15% per annum; and (b) Late Charges on the Principal portion of the outstanding Installment Amounts.  (Gottbetter Aff., ¶ 15; Attorney's Statement, ¶ 13.)

11.    As set forth in Section 2 of the Note, "[u]pon the occurrence and during the continuance of an Event of Default, the Interest Rate shall be increased to fifteen (15%)" per annum.  (Gottbetter Aff., ¶ 16.)  Charys has been in continuous default under the Note since its initial failure to pay the July Payment on July 2, 2007.  (Gottbetter Aff., ¶ 16.)

12.     As further set forth in the Note, "[a]ny amount of Principal or other amounts due under the [Note], other than Interest, which is not paid when due shall result in a late charge being incurred and payable by the Company in an amount equal to interest on such amount at the rate of eighteen percent (18%) per annum from the date such amount was due until the same is paid in full ("**Late Charge**")." (Id. ¶ 17.)

13.     As of October 30, 2007, Charys owed, but had failed to pay to GCM:  (a) Principal under the Note totaling no less than $7,670,365; (b) accrued Interest under the Note totaling no less than $239,568; and (c) accrued Late Charges totaling no less than $78,499. (Gottbetter Aff., ¶¶ 18, 23; Attorney's Statement, ¶ 13.)

14.     By this time, Charys was also in default under the notes issued to the Other Investors (collectively, the "Other Notes").  (Gottbetter Aff., ¶ 19; Attorney's Statement, ¶ 14, n.2.)  As Charys admits in its Form 10-KSB, "[w]e … have not made the payments due September 3, 2007 or October 3, 2007 to any investor" including the holders of the Other Notes, and "subsequently have made no further payments to any of the investors." (Id.)

15.     Charys' failure to pay the outstanding Installment Amounts, Interest, and Late Charges set forth above (as well as Charys' defaults under the Other Notes) constitute Events of Default under the Note which provides, in relevant part, that:

> Each of the following events shall constitute an "**Event of Default**": …
>
> (v) The Company's failure to pay to the Holder any amount of Principal, Interest, Late Charges or other amounts when and as due under this Note … except, in the case of a failure to pay Interest and Late Charges, when and as due, in which case only if such failure continues for a period of at least five (5) Business Days; [and]
>
> (xi) Any Event of Default … occurs with respect to any Other Notes.

(Gottbetter Aff., ¶ 20; Attorney's Statement, ¶ 14.)

4

## RIGHT TO REDEMPTION

16.    The above Events of Default gave rise to GCM's right to demand immediate redemption of the Note.  (Gottbetter Aff. ¶ 21; Attorney's Statement, ¶ 15.)  As set forth in the Note, upon the occurrence of an Event of Default, GCM

> may require the Company to redeem all or any portion of this Note by delivering written notice thereof (the "**Event of Default Redemption Notice**") to the Company, which Event of Default Redemption Notice shall indicate the portion of this Note the Holder is electing to redeem.  Each portion of this Note subject to redemption by the Company pursuant to this Section 4(b) shall be redeemed by the Company at a price equal to … the product of (x) the sum of the Conversion Amount to be redeemed [i.e., the Principal amount to be redeemed] together with accrued and unpaid Interest with respect to such Conversion Amount and accrued and unpaid Late Charges with respect to such Conversion Amount and Interest and (y) the Redemption Premium [i.e., 120%] … (the "**Event of Default Redemption Price**").  (Id.)

17.    On October 23, 2007, GCM delivered the requisite Event of Default Redemption Notice to Charys seeking full redemption of the Note (the "Notice").  (Gottbetter Aff., ¶ 22; Attorney's Statement, ¶ 16.)  Under the terms of the Note, Charys was required to pay the Event of Default Redemption Price to GCM within five business days of its receipt of the Notice, i.e., October 30, 2007.  (Gottbetter Aff., ¶ 24; Attorney's Statement, ¶ 17.)

18.    As of October 30, 2007, GCM was entitled to an Event of Default Redemption Price totaling no less than $9,586,118, calculated as follows:

| | |
|---|---|
| Outstanding Principal: | $7,670,365 (+) |
| Accrued Interest: | $   239,568 (+) |
| Accrued Late Charges: | $     78,499 (+) |
| | = $7,988,432 |

X

(the Redemption Premium of 120%) = $9,586,118.[4]

(Gottbetter Aff., ¶ 23; Attorney's Statement, ¶ 16.)

---

[4] The above amount does not include Interest and Late Charges accruing post-October 30, 2007. (Gottbetter Aff., ¶ 23; Attorney's Statement, ¶ 16, n.3.)

19.     To date, Charys has failed to make the required redemption payment. (Gottbetter Aff., ¶ 24; Attorney's Statement, ¶ 17.) Nor has Charys made any further payments of Principal, Interest, or Late Charges to GCM under the Note. (Gottbetter Aff., Ex. C.)

<u>DAMAGES</u>

20.     GCM is entitled to payment of the Event of Default Redemption Price, in an amount totaling no less than $9,586,118, as adjusted to include: (a) Interest accruing post-October 30, 2007, at the default Interest Rate of 15% per annum; and (b) Late Charges accruing post-October 30, 2007, on the principal portion of all unpaid Installment Amounts that have come due, or will come due, prior to Charys redemption of the Note. (<u>See</u> <u>supra</u>, ¶¶ 3-5, 7-19.)

21.     Additionally, GCM is entitled to all costs and expenses incurred in the enforcement of this Note including reasonable attorneys' fees. As set forth in the Note,

> If … this Note is placed in the hands of an attorney for collection or enforcement or is collected or enforced through any legal proceeding or the Holder otherwise takes action to collect amounts due under this Note or to enforce the provisions of this Note … then the Company shall pay the costs incurred by the Holder for such collection, enforcement or action … including, but not limited to, attorneys' fees and disbursements.

(Gottbetter Aff., ¶ 26; Attorney's Statement, ¶ 18.)

Dated:  New York, New York
        January 11, 2007

SULLIVAN & WORCESTER LLP

By:_____
    Nathan A. Goldberg (NG 5742)
1290 Avenue of the Americas, 29th Floor
New York, New York  10104
(212) 660-3045

*Attorneys for Plaintiff Gottbetter*
*Capital Master, Ltd. (In Liquidation)*