UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GOTTBETTER CAPITAL MASTER, LTD.,

        Plaintiff,      Civil Action No.:
               1:07-cv-11374 (GEL)
    v.

CHARYS HOLDING COMPANY, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHARYS HOLDING COMPANY, INC.'S RESPONSES TO PLAINTIFF'S RULE
56.1 STATEMENT AND COUNTERSTATEMENT OF THE FACTS**

    Pursuant to Rule 56.1(b) of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, defendant CHARYS HOLDING COMPANY, INC. (hereinafter "CHARYS"), by its attorneys, Condon & Forsyth LLP, submits the following counterstatement of material facts to which it contends there exist genuine issues to be tried.

### RESPONSES TO PLAINTIFF'S RULE 56.1 STATEMENT

    *1.* *Plaintiff GCM is a Cayman Islands exempted company, that among other things, provides financing to publicly traded companies such as defendant Charys Holding Company, Inc. ("Charys"). (Gottbetter Aff., ¶ 5.) GCM's principal business offices are located at 488 Madison Avenue, 12th Floor, New York, NY 10022. (Id..)*

**Response**:

   Admits.

2. *Defendant Charys is a Delaware corporation and its principal business offices are located at 1117 Perimeter Center West, Suite N415, Atlanta, GA 30338. (Id. ¶ 6, Ex. C, p. 1.)*

**Response**:

Admits.

3. *On or about April 30, 2007, Charys issued a series of subordinated unsecured convertible notes to GCM and certain other investors (the "Other Investors"), in exchange for their shares of Charys' Series D Cumulative Preferred Stock (the "Preferred Stock"). (Gottbetter Aff., ¶ 9; Attorney's Statement, ¶¶ 2, 10.)*

**Response:**

Admits.

4. *As part of this transaction, GCM was issued a subordinated unsecured convertible note (the "Note"), in the principal amount of $8,354,043, in exchange for 500 shares of Charys' Preferred Stock. (Id.) In relevant part, the Note provides that,*

> Charys Holding Company, Inc. . . . (the **"Company"**), hereby promises to pay to the order of GOTTBETTER CAPITAL MASTER, LTD. or registered assigns (**"Holder"**) the amount set out above as the Principal (. . . the **"Principal"**) when due, whether upon the Maturity Date . . ., on any Installment Date with respect to the Installment Amount due on such Installment Date . . ., acceleration, redemption or otherwise . . . and to pay interest (**"Interest"**) on any outstanding Principal at a rate equal to 8.75% per annum (the **"Interest Rate"**), from the date set out above as the Issuance Date (the **"Issuance Date"**) until the same becomes due and payable, whether upon any Installment Date or, the Maturity Date, acceleration, conversion, redemption or otherwise . . .

*(Gottbetter Aff., ¶ 10; see also Attorney's Statement, ¶ 11.)*

**Response**:

    Admits.

5.    *The Note further provides that: (a) "[o]n each Installment Date, the Company shall pay to the Holder an amount equal to the Installment Amount due on such Installment Date." (Id.). The base Installment Amounts and Installment Dates are set forth in Ex. II of Note, and consist of both Principal and accrued Interest calculated at the non-default Interest Rate of 8.75% per annum. (Id.) The base Installment Amounts were subject to adjustment for Late Charges and accrued interest calculated at the default Interest Rate of 15% per annum. (Id.)*

**Response**:

    Admits.

6.    *The first Installment Amount of $500,000 was paid by Charys on or about May 15, 2007. (Gottbetter Aff., ¶ 12.)*

**Response**:

    Admits.

## EVENTS OF DEFAULT

7.    *As Charys admits in its Form 10-KSB for fiscal year ending April 30, 2007 (the 'Form 10-KSB"), in material breach of the Note, Charys failed to pay, in full and on time the Installment Amount due on July 2, 2007, in the base amount of $447,663.89 (the "July Payment"). (Gottbetter Aff., ¶ 13; Attorney's Statement, ¶ 12.)*

**Response**:

    Admits.

*8.     Charys belatedly paid a $200,000 portion of the July payment on August 10, 2007, and a $247,000 portion of the July Payment on August 15, 2007. (Gottbetter Aff., ¶ 13.) To date, the July Payment has not been paid in full (Id.; Attorney's Statement, ¶ 12.)*

**Response**:

Admits.

*9.     In further material breach of the Note, Charys admits in its Form 10-KSB that it failed to pay to GCM the Installment Amounts due on August 1, September 3, and October 1, 2007, in the base amounts of $847,478.40, $726,180.07, and $721,242.79, respectively. (Gottbetter Aff., ¶ 14, Attorney's Statement, ¶ 12.)*

**Response**:

Admits.

*10.    As a result of Charys' failure to pay the Installment Amounts on the Installment Dates set forth above, Charys was obligated to pay GCM, among other things (a) Interest at the default Interest Rate of 15% per annum; and (b) Late Charges on the Principal portion of the outstanding Installment Amounts. (Gottbetter Aff., ¶ 15; Attorney's Statement, ¶ 13.)*

**Response**:

Admits.

*11.   As set forth in Section 2 of the Note, "[u]pon the occurrence and during the continuance of an Event of Default, the Interest Rate shall be increased to fifteen (15%)" per annum. (Gottbetter Aff., ¶ 16.)  Charys has been in continuous default under the Note since its initial failure to pay the July Payment on July 2, 2007. (Gottbetter Aff., ¶ 16.)*

**Response**:

Admits.

*12.   As further set forth in the Note, "[a]ny amount of Principal or other amounts due under the [Note], other than Interest, which not paid when due shall result in a late charge being incurred and payable by the Company in an amount equal to interest on such amount at the rate of eighteen percent (18%) per annum from the date such amount was due until the same is paid in full ("**Late Charge**")." (Id. ¶ 17.)*

**Response**:

Admits.

*13.   As of October 30, 2007, Charys owed but had failed to pay to GCM: (a) Principal under the Note totaling no less than $7,670,365; (b) accrued Interest under the Note totaling no less than $239,568; and (c) accrued Late Charges totaling no less than $78,499. (Gottbetter Aff., ¶¶ 18, 23; Attorney's Statement, ¶ 13.)*

**Response**:

CHARYS denies that plaintiff has correctly calculated its damages, if any. GOTTBETTER has erroneously calculated the outstanding principal. It is undisputed that the original principal was $8,354,043 (*See Plaintiff's Statement of Material Facts at ¶ 6; see also Note annexed as Ex. A to Goldberg Aff.*) It also undisputed that CHARYS made payments to

-5-

GOTTBETTER as agreed on May 15, 2007 in the amount of $500,000, and made a $200,000 portion of the July payment on August 10, 2007, and a $247,000 portion of the July Payment on August 15, 2007, totaling $947,000 in payments. Subtracting these amounts from the original principal balance ($ 8,354,043) equals $7,407,043 in outstanding principal rather than $7,670,365 as GOTTBETTER claims. Therefore, the final Event of Default Redemption Price, which should include the outstanding principal, accrued default interest, accrued late charges and the Redemption Premium has not been correctly calculated by GOTTBETTER. As a result, there is a material issue of fact as to damages. Moreover, CHARYS can neither admit nor deny as plaintiff has not provided documentation or calculations to support this allegation post-October 30, 2007.

*14.    By this time, Charys was also in default under the notes issued to the Other Investors (collectively, the "Other Notes".) (Gottbetter Aff., ¶ 19; Attorney's Statement, ¶ 14, n.2) As Charys admits in its Form 10-KSB, "[w]e . . . have not made the payments due September 3, 2007 or October 3, 2007 to any investor" including the holders of the Other Notes, and "subsequently have made no further payments to any of the investors." (Id.)*

**Response**:

Admits.

*15.    Charys' failure to pay the outstanding Installment Amounts, Interest, and Late Charges set forth above (as well as Charys' defaults under the Other Notes) constitute Events of Default under the Note which provides, in relevant part, that:*

> *Each of the following events shall constitute an **"Event of Default"**: . . .*
>
> *(v) The Company's failure to pay to the Holder any amount of Principal, Interest, Late Charges or other amounts when and as due under this Note . . . except, in the*

*case of a failure to pay Interest and Late Charges, when and as due, in which case only if such failure continues for a period of at least five (5) Business Days; [and] (xi) Any Event of Default . . . occurs with respect to any Other Notes.*

(Gottbetter Aff., ¶ 20; Attorney's Statement, ¶ 14.)

**Response**:

Admits.

## RIGHT TO REDEMPTION

16. The above Events of Default gave rise to GCM's right to demand immediate redemption of the Note. (Gottbetter Aff. ¶ 21; Attorney's Statement, ¶ 15.) As set forth in the Note, upon the occurrence of an Event of Default, GCM

> *may require the Company to redeem all or any portion of this Note by delivering written notice thereof (the "**Event of Default Redemption Notice**") to the Company, which Event of Default Redemption Notice shall indicate the portion of this Note the Holder is electing to redeem. Each portion of this Note is subject to redemption by the Company pursuant to this Section 4(b) shall be redeemed by the Company at a price equal to . . . the product of (x) the sum of the Conversion Amount to be redeemed [i.e., the Principal amount to be redeemed] together with accrued and unpaid Interest with respect to such Conversion Amount and Interest and (y) the Redemption Premium [i.e., 120%] . . . (the "**Event of Default Redemption Price**"). (Id.)*

**Response**:

CHARYS has no objection to the extent that Events of Default gave rise to GOTTBETTER's right to demand immediate redemption of the Note.

17. On October 23, 2007, GCM delivered the requisite Event of Default Redemption Notice to Charys seeking full redemption of the Note (the "Notice"). (Gottbetter Aff., 16.) Under the terms of the Note, Charys was required to pay the Event of Default Redemption Price to GCM within five business days of its receipt of the Notice, *i.e.,* October 30, 2007. (Gottbetter Aff., ¶ 24; Attorney's Statement, ¶ 17.)

**Response**

  CHARYS denies that the Event of Default Redemption Notice was issued in accordance with Section 4(b) of the Note as it was not sent "[p]romptly after the occurrence of the alleged Event of Default" and the promptness of GOTTBETTER's issuance of the October 23, 2007, Event of Default Redemption Notice is an issue of material fact.

:

  *18. As of October 30, 2007, GCM was entitled to an Event of Default Redemption Price totaling no less than $9,586,118, calculated as follows:*

| | |
|---|---|
| *Outstanding Principal:* | *$7,670,365 (+)* |
| *Accrued Interest:* | *$239,568 (+)* |
| *Accrued Late Charges:* | *$78,499 (+)* |

$$=\$7,988,432$$
$$X$$
*(the Redemption Premium of 120%) = $9,586,118.)*

*(Gottbetter Aff., ¶ 23; Attorney's Statement, ¶ 16.)*

**Response**:

  CHARYS denies that plaintiff has correctly calculated its damages, if any. GOTTBETTER has erroneously calculated the outstanding principal. It is undisputed that the original principal was $8,354,043 (*See Plaintiff's Statement of Material Facts at ¶ 6; see also Note annexed as Ex. A to Goldberg Aff.*) It also undisputed that CHARYS made payments to GOTTBETTER as agreed on May 15, 2007 in the amount of $500,000, and made a $200,000 portion of the July payment on August 10, 2007, and a $247,000 portion of the July Payment on August 15, 2007, totaling $947,000 in payments. Subtracting these amounts from the original principal balance ($ 8,354,043) equals $7,407,043 in outstanding principal rather than $7,670,365 as GOTTBETTER claims. Therefore, the final Event of Default Redemption Price, which should include the outstanding principal, accrued default interest,

accrued late charges and the Redemption Premium has not been correctly calculated by GOTTBETTER. As a result, there is a material issue of fact as to damages. Moreover, CHARYS can neither admit nor deny as plaintiff has not provided documentation or calculations to support this allegation post-October 30, 2007.

19. *To date, Charys has failed to make the required redemption payment. (Gottbetter Aff. ¶ 24; Attorney's Statement, ¶ 17.) Nor has Charys made any further payments of Principal, Interest, or Late Charges to GCM under the Note. (Gottbetter Aff., Ex. C.)*

**Response**:

Admits.

## DAMAGES

20. *GCM is entitled to payment of the Event of Default Redemption Price, in an amount totaling no less than $9,586,118, as adjusted to include: (a) Interest accruing post-October 30, 2007, at the default Interest Rate of 15% per annum; and (b) Late Charges accruing post-October 30, 2007, on the principal portion of all unpaid Installment Amounts that have come due, prior to Charys redemption of the Note. (See supra ¶¶ 3-5, 7-19.)*

**Response**:

CHARYS denies that plaintiff has correctly calculated its damages, if any. GOTTBETTER has erroneously calculated the outstanding principal. It is undisputed that the original principal was $8,354,043 (*See Plaintiff's Statement of Material Facts at ¶ 6; see also Note annexed as Ex. A to Goldberg Aff.*) It also undisputed that CHARYS made payments to GOTTBETTER as agreed on May 15, 2007 in the amount of $500,000, and made a $200,000

portion of the July payment on August 10, 2007, and a $247,000 portion of the July Payment on August 15, 2007, totaling $947,000 in payments. Subtracting these amounts from the original principal balance ($ 8,354,043) equals $7,407,043 in outstanding principal rather than $7,670,365 as GOTTBETTER claims. Therefore, the final Event of Default Redemption Price, which should include the outstanding principal, accrued default interest, accrued late charges and the Redemption Premium has not been correctly calculated by GOTTBETTER. As a result, there is a material issue of fact as to damages. Moreover, CHARYS can neither admit nor deny as plaintiff has not provided documentation or calculations to support this allegation post-October 30, 2007..

*21.   Additionally, GCM is entitled to all costs and expenses incurred in the enforcement of this Note including reasonable attorney's fees. As set forth in the Note,*

> *If . . . this Note is placed in the hands of an attorney for collection or enforcement or is collected or enforced through any legal proceeding or the Holder otherwise takes action to collect amounts due under this Note or to enforce the provisions of this Note . . . then the Company shall pay the costs incurred by the Holder for such collection, enforcement or action . . . including, but not limited to, attorney's fees and disbursements.*

*(Gottbetter Aff., ¶ 26; Attorney's Statement, ¶ 18.)*

**Response**:

   Admits.

**CHARYS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT TO BE TRIED**

   1.   GOTTBETTER's October 23, 2007 Event of Default Redemption Notice was not issued in accordance with Section 4(b) of the Note as it was not sent "[p]romptly after the occurrence of the alleged Event of Default." (*See Note at § 4(b) annexed to the moving papers.*)

2.   The outstanding principal balance on the Note is $7,407,043 because it is undisputed that the original principal was $8,354,043 (*See Plaintiff's Statement of Material Facts at ¶ 6; see also Note annexed as Ex. A to Goldberg Aff.*) and where it also undisputed that CHARYS made payments to GOTTBETTER as agreed on May 15, 2007 in the amount of $500,000, and made a $200,000 portion of the July payment on August 10, 2007, and a $247,000 portion of the July Payment on August 15, 2007. *See Plaintiff's Statement of Material Facts at ¶ 8.* .

Dated: New York, New York
       January 25, 2008

CONDON & FORSYTH LLP

By: _____
    Stephen J. Fearon - SF 8740
    Bartholomew J. Banino – BB 4164
Partners of the Firm
7 Times Square
New York, New York  10036
(212) 490-9100

Attorneys for Defendant
CHARYS HOLDING COMPANY, INC.

TO:   Andrew B. Kratenstein, Esq.
      Michael R. Huttenlocher, Jr., Esq.
      McDERMOTT WILL & EMERY LLP
      *Attorneys for Plaintiff*
      GOTTBETTER CAPITAL MASTER LTD.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Jennifer B. Jacobson, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York. That on the 25th day of January 2008 deponent served the within **RULE 56.1 STATEMENT AND COUNTERSTATEMENT OF THE FACTS** upon:

Nathan A. Goldberg, Esq.
SULIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3045

*Attorneys for Plaintiff Gottbetter*
*Capital Master, Ltd. (In Liquidation)*

At the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Jennifer B. Jacobson

Sworn to before me this
25th day of January, 2008

_____
Notary Public

TINA M. ZOCCALI
Notary Public, State of New York
No. 01ZO6059025
Qualified in Rockland County
Commission Expires May 21, 20 11