UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

--------------------------------- X

GOTTBETTER CAPITAL MASTER, LTD.,

                  Plaintiff,

            v.

CHARYS HOLDING COMPANY, INC.,

                  Defendant.

--------------------------------- X

Civil Action No.:
1:07-cv-11374 (GEL)

**DEFENDANT CHARYS HOLDING COMPANY, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF GOTTBETTER CAPITAL MASTER, LTD.'S MOTION FOR SUMMARY JUDGMENT**

## **PRELIMINARY STATEMENT**

Defendant CHARYS HOLDING COMPANY, INC. ("CHARYS") submits this memorandum of law in opposition to plaintiff GOTTBETTER CAPITAL MASTER, LTD.'s ("GOTTBETTER") motion for summary judgment. The motion should be denied because Plaintiff has failed to meet its burden of showing that there is no issue of material fact. Additionally, the motion is premature.

### A.    Nature of Claim

This is an action alleging that defendant CHARYS breached the terms of a subordinated unsecured convertible note with a principal value of $8,354,043 ("Note") which was issued by CHARYS to GOTTBETTER (and other investors) in exchange for 500 shares of CHARYS Series D Cumulative Preferred Stock ("Preferred Stock"). *See Gottbetter Aff. ¶ 2.*

GOTTBETTER alleges that CHARYS failed to pay, in full and on time, the Installment Amount due on July 2, 2007, in the base amount of $447,663.89.("July Payment"). *Gottbetter Aff. ¶ 13.* Thereafter, CHARYS paid $200,000 toward the July Payment on August 10, 2007 and a $247,000 portion of the July Payment on August 15, 2007. *See Plaintiff's Rule 56.1 Statement of Material Facts ¶ 8.* GOTTBETTER alleges that to date, the CHARYS July payment has not been paid in full. *Id.* GOTTBETTER further alleges that CHARYS failed to make payments of amounts due on August 1, 2007, September 3, 2007 and October 1, 2007, in the base amounts of $847,478.40, $726,180.07 and $721,242.79 respectively. *Id. at ¶ 9.* GOTTBETTER's motion states that as of October 30, 2007, CHARYS owes plaintiff principal under the Note in the amount of $7,670,365, accrued interest under the Note totaling no less than $239,568, and accrued late charges totaling no less than $78,499. *Id. at ¶ 13.*

GOTTBETTER also alleges that CHARYS' actions constitute an "Event of Default"

consistent with the terms of the Note. *Id. at ¶ 15*. Nearly four months after the alleged default, on October 23, 2007, GOTTBETTER demanded that CHARYS redeem the Note in full at a 120% premium which allegedly totals $9,586,118. *Id. at ¶ 17-18*. GOTTBETTER alleges that CHARYS has failed to redeem the Note and that it is therefore entitled to $9,586,118 including interest accruing post-October 30, 2007, at the default interest rate of 15% per annum, late charges accruing post-October 30, 2007, and the principal portion of all unpaid installment amounts that have come due or will come due prior to CHARYS' redemption of the Note, together with costs and expenses incurred in enforcement of the Note including reasonable attorney's fees. *Id. at ¶ 20-21*.

**B.    Summary of Defendant's Argument**

Plaintiff GOTTBETTER has moved for summary judgment as to liability and damages on the basis that there is no issue of material fact. However, GOTTBETTER has failed to carry its burden to succeed on this motion because a material issue of fact exists on liability, *i.e.* whether GOTTBETTER notified CHARYS "promptly after the occurrence" that its nonpayment constituted an "Event of Default" under § 4(a) of the Note because GOTTBETTER's Event of Default Notice was not sent until October 23, 2007 (*See Ex. E annexed to Goldberg Aff.*) following CHARYS's July 2, 2007 nonpayment. In addition, even if liability is found against CHARYS, the exact amount of damages has not been documented and must be determined at a hearing. In addition, discovery is still ongoing and will likely reveal more evidence relevant to the claim against CHARYS. An issue of fact exists as to the appropriate damages and, therefore, it appears necessary to conduct depositions as to the appropriate amount of damages.

## ARGUMENT

### I

### GOTTBETTER HAS FAILED TO MEET ITS BURDEN OF SHOWING AN ABSENCE OF MATERIAL FACT AND THAT IT IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

In order to prevail on a motion for summary judgment, GOTTBETTER must show there is no genuine issue as to any material fact and that it is entitled to summary judgment as a matter of law on the basis of the undisputed facts. Fed. R. Civ. P. 56 (c); 11 *Moore's Federal Practice* § 56.13[1]. The Court must view all reasonable inferences drawn from the facts in the light most favorable to CHARYS, the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-588 (1986). Here, GOTTBETTER has failed to fulfill its burden of showing (1) an absence of issues of material facts and (2) it is entitled to judgment as a matter of law.

**A. A Genuine Issue Of Material Fact Exists As To Whether CHARYS Was Notified Of The Alleged "Event of Default" "Promptly After The Occurrence"**

Section 4(b) of the Note provides that in order for GOTTBETTER to enforce its redemption right, GOTTBETTER must send an "Event of Default Notice" to CHARYS "promptly after the occurrence of an "Event of Default." Here, GOTTBETTER alleges that an "Event of Default" occurred under section 4(a) of the Note when CHARYS failed to make its July 2, 2007 payment on time and in full. *See Plaintiff's 56.1 Statement of Material Facts ¶ 11.* However, GOTTBETTER's Event of Default Notice was not sent until nearly four months later, on October 23, 2007. As a result, a material issue of fact exists as to whether the "Event of Default Notice" was sent "promptly" after the alleged "Event of Default."

### B. Even If CHARYS Is Determined To Be Liable, There Is A Genuine Issue Of Material Fact As To The Correct Calculation Of Damages

If this Court determines that there is no genuine issue of fact as to liability and there is no issue remaining except the amount of damages, then the damages issue should be determined by the factfinder pursuant to Fed. R. Civ. P. 56(d). *See Marine Midland Bank, N.A. v. The Brunswick Group, Inc.* 1985 WL 1744 at *5 (S.D.N.Y. 1985) (entering partial summary judgment on the issue of liability pursuant to Fed. R. Civ. P. 56(c)-(d) and "'reserving for future determination the calculation of the exact amount . . .'") *quoting Newmark v. R K O Gen., Inc.*, 294 F.Supp. 358, 359 n. 2 (S.D.N.Y. 1968), *aff'd on other grounds*, 425 F.2d 348 (2d Cir. 1970), *cert. denied* 400 U.S. 854; *Owens-Illinois Glass Co. v. Am. Coastal Lines, Inc.*, 222 F.Supp. 923 (S.D.N.Y. 1963) (plaintiff granted summary judgment on issue of liability but the issues of damages was to be tried to a jury); *Danton v. Harry Winston, Inc.* 20 F.R.D. 425 (S.D.N.Y. 1957) (granting interlocutory summary judgment as to liability and allowing jury trial on damages).

GOTTBETTER states that CHARYS's default entitled it to exercise its right to redeem the Note in full (less any prior payments) at the Event of Default Redemption price. In calculating its damages, GOTTBETTER also states that the final Event of Default Redemption Price includes the outstanding principal of $7,670,365. *See Plaintiff's Statement of Material Facts ¶ 18*. However, GOTTBETTER has erroneously calculated the outstanding principal. It is undisputed that the original principal was $8,354,043 (*See Plaintiff's Statement of Material Facts at ¶ 6; see also Note annexed as Exhibit A to Goldberg Aff.*) It also undisputed that CHARYS made payments to GOTTBETTER as agreed on May 15, 2007 in the amount of $500,000, and made a $200,000 portion of the July payment on August 10, 2007, and a $247,000 portion of the July Payment on August 15, 2007, totaling $947,000 in payments.

Subtracting these amounts from the original principal balance ($8,354,043) equals $7,407,043 in outstanding principal rather than $7,670,365 as GOTTBETTER claims. Therefore, the final Event of Default Redemption Price, which should include the outstanding principal, accrued default interest, accrued late charges and the Redemption Premium has not been correctly calculated by GOTTBETTER. As a result, there is a material issue of fact as to damages.

### C.   GOTTBETTER Has Failed To Show It Is Entitled To Summary Judgment As A Matter Of Law

As a movant for summary judgment, GOTTBETTER has the burden of showing that that it is entitled to judgment as a matter of law. *See Celotex v. Catrett,* 47 U.S. 317, 322 (1986) (summary judgment only appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case"). GOTTBETTER's fails to carry its burden where it has only provided conclusory statements as to the damages owed by CHARYS in its memorandum of law, rather than accurate and supported damages documentation and calculations.

### II

### GOTTBETTER'S MOTION SHOULD BE DENIED, OR STAYED, BECAUSE CONTINUING DISCOVERY WILL LIKELY REVEAL ADDITIONAL RELEVANT EVIDENCE

Even if the Court finds that there is no material issue of fact, CHARYS respectfully submits that the motion should be denied or stayed until CHARYS has an opportunity to complete pre-trial discovery, including depositions of GOTTBETTER and the other involved investors. *See Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97-98 (2d Cir. 2000) (summary judgment reversed on appeal because party did not have the opportunity to obtain discovery and "was even precluded from taking depositions"). *see also Miller v. Wolpoff & Abrahamson, L.L.P.,* 321 F.3d 292, 303-04 (2d Cir. 2003) (pre-discovery summary judgment granted in only the rarest cases).

More specifically, based upon plaintiff's motion and the discrepancies in damages stated therein, it appears necessary to conduct depositions on the issue of damages.

Therefore, defendant CHARYS respectfully requests that GOTTBETTER's motion be denied because depositions and discovery have not yet been completed and the record created thus far may be insufficient for the proper determination of a motion for summary judgment.

## CONCLUSION

For the above reasons, defendant CHARYS HOLDING COMPANY, INC. respectfully requests that plaintiff GOTTBETTER CAPITAL MASTER LTD.'s motion for summary judgment be denied in all respects or, in the alternative, that it be stayed pending completion of discovery.

Dated:   New York, New York
         January 25, 2008

                                        CONDON & FORSYTH LLP

                                        By: _____
                                            Stephen J. Fearon - SF 8740
                                            Bartholomew J. Banino – BB 4164
                                        Partners of the Firm
                                        7 Times Square
                                        New York, New York  10036
                                        (212) 490-9100

                                        Attorneys for Defendant
                                        CHARYS HOLDING COMPANY, INC

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Jennifer B. Jacobson, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York. That on the 25th day of January 2008 deponent served the within **MEMORANDUM OF LAW IN OPPOSITION** upon:

Nathan A. Goldberg, Esq.
SULIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3045

*Attorneys for Plaintiff Gottbetter*
*Capital Master, Ltd. (In Liquidation)*

At the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Jennifer B. Jacobson

Sworn to before me this
25th day of January, 2008

_____
Notary Public

TINA M. ZOCCALI
Notary Public, State of New York
No. 01ZO6059025
Qualified in Rockland County
Commission Expires May 21, 20__