UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X

| | | |
|---|---|---|
| GOTTBETTER CAPITAL MASTER, LTD.<br>(In Liquidation), | : | Civil Action No.<br>1:07-cv-11374 (GEL) |
| | : | |
| Plaintiff, | : | |
| | : | (ECF) |
| -against- | : | |
| | : | |
| CHARYS HOLDING COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

SULLIVAN & WORCESTER LLP
Nathan A. Goldberg (NG 5742)
1290 Avenue of the Americas, 29th Floor
New York, New York 10104
(212) 660-3045

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT ........................................................................................................................2

I.     GCM PROPERLY EXERCISED ITS RIGHT TO
REDEEM THE NOTE IN ACCORDANCE WITH ITS
EXPRESS TERMS ........................................................................................3

II.    GCM HAS CALCULATED THE EVENT OF DEFAULT
REDEMPTION PRICE IN ACCORDANCE WITH THE
EXPRESS TERMS OF THE NOTE..........................................................5

III.   CHARYS IS NOT ENTITLED TO DISCOVERY ....................................7

IV.   GCM IS ENTITLED TO ITS ATTORNEYS' FEES................................9

V.    CONCLUSION...........................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Conn. Nat'l Bank v. Trans World Airlines, Inc., 762 F.Supp. 76 (S.D.N.Y. 1991)........................7

Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97 (2d Cir. 1981)................7

Danton v. Harry Winston, Inc., 20 F.R.D. 425 (S.D.N.Y. 1957) ........................................9

Gurary v. Winehouse, 190 F.3d 37 (2d Cir. 1999) ..........................................................7

Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2d Cir. 1986) ..................................................7

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1985) ........................7

Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2d Cir. 2003) ...........................8

Natsource LLC v. GFI Group, Inc., 332 F.Supp.2d 626 (S.D.N.Y. 2004) .....................8

Owens-Illinois Glass Co. v. Am. Coastal Lines, Inc., 222 F.Supp. 923 (S.D.N.Y. 1963) .............9

Sun Forest Corp. v. Shvili, 152 F.Supp.2d 367 (S.D.N.Y. 2001)....................................3

## STATE CASES

American Express Bank, Ltd. v. Uniroyal, Inc., 164 A.D.2d 275, 562 N.Y.S.2d 613 (1st
Dep't 1990)................................................................................................8

Peabody v. Weider Publ'n, No. 07-0094-cv, 2008 WL 145507 (2d Cir. Jan 16, 2008).................8

R/S Assocs. v. New York Job Dev. Auth., 98 N.Y.2d 29 (2002)....................................8

W.W.W. Assocs., Inc. v. Giancontieri, 77 N.Y.2d 157 (1990) ....................................8

## FEDERAL STATUTES

Fed. R. Civ. P. 56..............................................................................................*passim*

Gottbetter Capital Master, Ltd. (in liquidation) ("GCM") respectfully submits this reply memorandum of law in further support of its motion for summary judgment.

## PRELIMINARY STATEMENT

Defendant Charys Holding Company, Inc. ("Charys") admits in its Form 10-KSB and in its opposition papers almost every material fact set forth in GCM's moving papers including, *inter alia*, that it materially breached the Note by failing to make certain required payments of Principal, Interest, and Late Charges.[1] Charys further admits that each missed payment constituted an Event of Default triggering GCM's right to redeem the Note.

Accordingly, GCM is entitled to summary judgment in its favor, and the immediate payment of an Event of Default Redemption Price totaling no less than $10,149,361, as adjusted for Interest and Late charges accruing post-February 1, 2008, plus all costs and expenses incurred in the enforcement of the Note including reasonable attorneys' fees.

In a desperate attempt to forestall payment of the above amounts, Charys has concocted three purported defenses to GCM's motion for summary judgment. Each of these so-called defenses must fail under the express terms of the Note and applicable law.

In the first instance, Charys argues the GCM is not entitled to summary judgment because an issue of fact exists concerning "whether [GCM] notified [Charys] 'promptly after the occurrence' that its nonpayment constituted an 'Event of Default'" by "send[ing] an 'Event of Default Notice' to [Charys]" under Section 4(b) of the Note. Section 4(b), however, does not require GCM to send an Event of Default Notice to Charys -- let alone, to send it promptly. On the contrary, it requires Charys to "[p]romptly" send an Event of Default Notice to GCM.

---

[1] All capitalized terms used herein shall have the same meaning ascribed to those terms in the subordinated unsecured convertible note issued to GCM on April 30, 2007 (the "Note"), unless stated otherwise herein. The "Form 10-KSB" means Charys' Form 10-KSB for fiscal year ending April 30, 2007.

Nor is there any merit to the suggestion that GCM's election to redeem the Note was untimely under Section 4(b), which provides that GCM may redeem the Note "*[a]t any time after*" an Event of Default. Indeed, Section 21 of the Note confirms that "[n]o ... delay on the part of [GCM] in the exercise of [this] ... right ... shall operate as a waiver thereof." In any event, there was no delay. GCM elected to redeem the Note on October 23, 2007, less than a month after the latest Event of Default giving rise to GCM's right to redeem the Note.

Additionally, Charys asserts that GCM miscalculated the Event of Default Redemption Price by failing to apply its three payments, in full, towards Principal. This defense is asserted in knowing contravention of the express terms of the Note. Indeed, in its response to GCM's Rule 56.1 Statement Charys admits that accrued Interest was due and payable at the time of each payment; and that GCM calculated the Interest due in accordance with the express terms of the Note. As such, it cannot be disputed that GCM allocated a proper portion of each payment towards accrued Interest and Principal.

Finally, Charys makes a desperate plea for discovery. Charys' request must be denied because it relies on nothing more than bare and unsupported allegations. Indeed, the only issue identified by Charys as requiring discovery is GCM's purported miscalculation of Principal -- a claim contradicted by Charys' own admissions. In any event, this is a legal issue governed by the express terms of the Note. As such, it is ripe for adjudication on summary judgment.

In light of Charys' admitted defaults and the absence of any cognizable defense to payment, GCM respectfully requests that its motion for summary judgment be granted.

## **ARGUMENT**

GCM's motion for summary judgment should be granted under Fed. R. Civ. P. 56 because the record demonstrates that "there is no genuine issue as to any material fact and that

[GCM] is entitled to a judgment as a matter of law" under the express terms of the Note. Fed. R. Civ. P. 56 (c).[2] Indeed, in its Form 10-KSB and in its Responses to GCM's Rule 56.1 Statement (the "Counterstatement") Charys admits almost every material fact relied on by GCM; and its contrived defenses fail to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Gottbetter Aff., Ex. C; Counterstatement, ¶¶ 1-12, 14-16, 19, 21.[3]

## I.    GCM PROPERLY EXERCISED ITS RIGHT TO REDEEM THE NOTE IN ACCORDANCE WITH ITS EXPRESS TERMS

Charys argues that a material issue of fact exists concerning "whether [GCM] notified Charys 'promptly after the occurrence' that its nonpayment constituted an 'Event of Default'" by "send[ing] an 'Event of Default Notice' to [Charys]" under Section 4(b) of the Note. Def.'s Mem., pp. 3-4. Charys' claim is belied by Section 4(b), which provides in relevant part that,

> [p]romptly after the occurrence of an Event of Default with respect to this Note or any Other Note, the *Company [i.e., Charys]* shall deliver written notice thereof via facsimile and overnight courier (an "**Event of Default Notice**") to the *Holder [i.e., GCM]*.

Gottbetter Aff., Ex. A, § 4(b) (italics added).

Pursuant to the express terms of Section 4(b), GCM was not obligated to provide Charys with an "Event of Default Notice" or any other notice of an Event of Default -- let alone, to send it "[p]romptly." Id. On the contrary, it was *Charys* obligation to "[p]romptly" notify GCM of any Events of Default under the Note or notes issued to other investors. Id.

---

[2] GCM commenced this action on November 13, 2007, in the Supreme Court of the State of New York, by motion for summary judgment in lieu of complaint pursuant to NY CPLR § 3213. Upon removal of the action to this Court, GCM renewed its motion for summary judgment by Notice of Motion dated January 11, 2008, GCM's Rule 56.1 Statement (the "56.1 Statement"), and the Nathan A. Goldberg Affidavit sworn to on January 11, 2008 (the "Goldberg Aff."). It is settled that the "district court takes the [removed] action in the posture in which it existed" and may consider GCM's renewed motion for summary judgment pursuant to Fed. R. Civ. P. 56. Sun Forest Corp. v. Shvili, 152 F.Supp.2d 367, 387 (S.D.N.Y. 2001) (internal quotations and citations omitted).

[3] References to the "Gottbetter Aff." and "Attorney's Statement" mean the Adam S. Gottbetter Affidavit sworn to on November 13, 2007, and the Attorney's Statement sworn to on November 12, 2007. Copies of the Gottbetter Aff. and Attorney's Statement are attached to the Goldberg Aff. as Exhibits C and D, respectively.

Nor is there any merit to the suggestion that GCM's election to redeem the Note was untimely under Section 4(b). Def.'s Mem., pp. 3-4. This claim is ruled out by the express terms of Section 4(b), which provides in relevant part that,

> *[a]t any time after* the earlier of [GCM's] receipt of an Event of Default Notice and [GCM] becoming aware of an Event of Default, [GCM] may require [Charys] to redeem all or any portion of this Note by delivering written notice thereof (the "**Event of Default Redemption Notice**") to [Charys], which Event of Default Redemption Notice shall indicate the portion of this Note [GCM] is electing to redeem.

Gottbetter Aff., Ex. A, § 4(b) (italics added).

As Section 4(b) makes plain, GCM was granted an unequivocal right to redeem the Note "*[a]t any time after*" an Event of Default. Id. Indeed, Section 21 of Note confirms that "[n]o failure or delay on the part of [GCM] in the exercise of any power, right or privilege hereunder shall operate as a waiver thereof." Id. § 21.

In any event, there was no delay. Charys admits that its failure to pay the Installment Amounts due on July 2, August 1, September 3, and October 1, 2007, each constituted Events of Default giving rise to GCM's right to redeem the Note. See Counterstatement ¶¶ 7-9, 15-16. Charys further admits that it received GCM's Event of Default Redemption Notice on October 23, 2007, which sought redemption of the Note based upon, *inter alia*, Charys failure to pay the Installment Amount due on October 1, 2007. Gottbetter Aff., ¶ 22, Ex. E; 56.1 Statement, ¶ 17; Counterstatement, ¶ 17. As such, it clear that GCM's Event of Default Redemption Notice was delivered timely, i.e., within 3 weeks of the October 1, 2007 Event of Default.

Moreover, Charys admits that to date it has failed to pay any of the above Installment Amounts, and that it has defaulted on all subsequent amounts due under the Note including, but not limited to, the Installment Amounts due on November 1, 2007, December 3, 2007, January 2, 2008, and February 1, 2008. Gottbetter Aff., ¶¶ 10-11, Ex. C; 56.1 Statement, ¶ 19; Counter-

4

statement, ¶ 19. As GCM was entitled to seek full redemption of the Note *"[a]t any time after"* each of these Events of Default, its October 23, 2007 Event of Default Redemption Notice must be deemed timely. Gottbetter Aff., Ex. A, §§ 4(a)(v) and (b) (emphasis added).

## II.    GCM HAS CALCULATED THE EVENT OF DEFAULT REDEMPTION PRICE IN ACCORDANCE WITH THE EXPRESS TERMS OF THE NOTE

In its moving papers, GCM set forth, in detail, its calculation of the Event of Default Redemption Price as of October 30, 2007, and the basis for that calculation under the express terms of the Note. Gottbetter Aff., ¶¶ 10-18, 21, 23, Ex. D; 56.1 Statement, ¶¶ 4-13, 16, 18.

In the accompanying Reply Affidavit of Adam S. Gottbetter (the "Gottbetter Reply Aff."), GCM has adjusted its calculation of the Event of Default Redemption Price to account for Interest and Late Charges accruing post-October 30, 2007, relying on precisely the same contract terms and formula. Gottbetter Reply, Aff., ¶¶ 4-5, Ex. 1. As of February 1, 2008, the Event of Default Redemption Price totaled $10,149,361, calculated as follows:

| | | |
|---|---|---|
| Outstanding Principal: | $7,670,365 | (+) |
| Accrued Default Interest: | $ 535,875 | (+) |
| Accrued Late Charges: | $ 251,560 | (+) |
| | = $8,457,801 | |

X

(the Redemption Premium of 120%) = $10,149,361. Id.

Charys does not dispute that GCM has calculated the Event of Default Redemption Price in accordance the requisite formula set forth in Section 4(b) of the Note. Def.'s Mem., pp. 5-6; Counterstatement, ¶¶ 13, 18, 20. Indeed, Charys admits that the applicable Event of Default Redemption Price "should include the outstanding principal, accrued default interest, accrued late charges and the Redemption Premium." Id.

Charys seeks to concoct an issue of fact, however, by claiming that GCM miscalculated the Principal due under the Note by failing to subtract, in full, Charys' payments towards the

Installment Amounts due on July 2 and August 1, 2007, from Principal.  Id.  Charys has asserted

this claim in knowing contravention of the express terms of the Note, which required Charys to

pay accrued Interest, in full, on each of these Installment Dates.  Gottbetter Aff., ¶¶ 10-11, 15-

16; 56.1 Statement, ¶¶ 4-5, 10-11.  In relevant part, the Note provides that,

> Interest on this Note shall commence accruing on the Issuance Date [April 30, 2007] and
> shall be computed on the basis of a 365-day year … *and shall be payable in arrears for*
> *each Payment Month on the Installment Date* [e.g., July 2 and August 1, 2007] …

Gottbetter Aff., Ex. A, § 2; see also p. 1 and §§ 1, 27(n)-(p), 27(t), Ex. II.

Indeed, in its Counterstatement, Charys admits that:

- On each Installment Date Charys was required to pay GCM an amount equal to
the Installment Amount due on such Installment Date (Counterstatement, ¶¶ 4-5);

- The base Installment Amounts and Installment Dates are set forth in Exhibit II of
the Note, *and consist of both Principal and accrued Interest* calculated at the non-
default Interest Rate of 8.75% per annum (Id. ¶ 5);

- The base Installment Amounts were subject to adjustment for accrued Interest
calculated at the default Interest Rate of 15% per annum (Id.);

- Charys has been in continuous default under the Note since its initial failure to
pay the July 2, 2007 Installment Amount (Id. ¶¶ 8, 11); and

- As a result, Charys was obligated to pay GCM Interest on each Installment Date
at the non-default Interest Rate of 8.75% per annum through July 2, 2007, and at
the default Interest Rate of 15% per annum thereafter.  Id. ¶¶ 4-5, 8, 10-11.

In short, no issue of material fact exists concerning GCM's calculation of the Principal

due under the Note.  As Charys admits, under the Note, GCM was entitled to apply Charys'

payments towards accrued Interest calculated at the Interest Rates set forth above -- which is

precisely what it did.  Gottbetter Aff., ¶ 23, Ex. D; Gottbetter Reply Aff., ¶ 5, Ex. 1.

As Charys has failed to identify any other purported issues of fact concerning GCM's

calculation of the Event of Default Redemption Price, GCM's motion should be granted.

### III.    CHARYS IS NOT ENTITLED TO DISCOVERY

In its opposition papers, Charys has failed to identify any material issues of fact warranting the denial of GCM's motion for summary judgment, let alone its "toss-away" request for pre-judgment discovery.  Def.'s Mem., pp. 6-7.

It is axiomatic that to defeat a motion for summary judgment under Fed. R. Civ. P. 56, an adverse party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1985).  Nor may it "rely on mere speculation or conjecture as to the true nature of the facts."  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986).  On the contrary, it "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

Charys speculative and unsupported claim that discovery "will likely reveal more evidence relevant to the claim against [Charys]" fails to meet this burden.  Def.'s Mem. pp. 3, 6-7.  It is settled that "[a]n opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion."  Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 107 (2d Cir. 1981).  The party opposing summary judgment "must submit an affidavit explaining, *inter alia*, the facts that are sought, how they are to be obtained and, perhaps most importantly, how these facts are expected to create a genuine issue of material fact."  Conn. Nat'l Bank v. Trans World Airlines, Inc., 762 F.Supp. 76, 79 (S.D.N.Y. 1991); see also Gurary v. Winehouse, 190 F.3d 37, 43-44 (2d Cir. 1999) ("*Indeed the failure to file such an affidavit is fatal* … even if the party resisting the motion for summary judgment alluded to a claimed need for discovery in a memorandum of

7

law.") (emphasis added); <u>Natsource LLC v. GFI Group, Inc.</u>, 332 F.Supp.2d 626, 637-39 (S.D.N.Y. 2004) (same); Fed. R. Civ. P. 56(f).[4]

Charys has utterly failed to meet this burden.  It has failed to submit *any* supporting affidavits; to identify any facts sought; or to explain how these facts will demonstrate any material issues of fact.  Indeed, the only issue identified by Charys as requiring discovery is GCM's purported miscalculation of Principal due under the Note.  Def.'s Mem., pp. 3, 5-7.  As set forth above, however, this claim is contradicted by Charys' own admissions.  <u>See</u> <u>supra</u>, Argument, § II.  Moreover, it is governed by the express terms of the Note.  <u>Id.</u>  Accordingly, it is ripe for adjudication by the Court on GCM's motion for summary judgment.

It is beyond peradventure that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms."  <u>W.W.W. Assocs., Inc. v. Giancontieri</u>, 77 N.Y.2d 157, 162 (1990); <u>accord</u> <u>R/S Assocs. v. New York Job Dev. Auth.</u>, 98 N.Y.2d 29, 32-33 (2002).  Accordingly, "[w]here the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment."  <u>American Express Bank, Ltd. v. Uniroyal, Inc.</u>, 164 A.D.2d 275, 277, 562 N.Y.S.2d 613, 614 (1st Dep't 1990); <u>accord</u> <u>Peabody v. Weider Publ'n</u>, No. 07-0094-cv, 2008 WL 145507, at *1 (2d Cir. Jan 16, 2008).

Here, the express terms of the Note reveal that GCM applied an appropriate portion of each payment towards accrued Interest and Principal.  <u>See</u> <u>supra</u>, Argument, § II.  Accordingly,

---

[4] The cases relied on by Charys are in accord.  <u>See</u> <u>e.g.</u>, <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 298-99, 301-04 (2d Cir. 2003) (party opposing motion for summary judgment identified by affidavit the specific facts sought, and how these facts might give rise to material issues of fact).

Charys is not entitled to, nor is there any need for, discovery on this issue, and summary judgment should be granted in favor of GCM without further delay.[5]

## IV.   **GCM IS ENTITLED TO ITS ATTORNEYS' FEES**

As set forth in its moving papers, GCM is entitled to all costs and expenses incurred in the enforcement of the Note including, but not limited to, reasonable attorneys' fees and disbursements.  Gottbetter Aff., ¶ 26; Attorney's Statement, ¶ 18, 56.1 Statement, ¶ 21.  As of February 1, 2008, GCM had incurred attorneys' fees, costs, and disbursements totaling $68,916.69.  Gottbetter Reply Aff., ¶¶ 7-8, Exs. 2-5.

## V.   **CONCLUSION**

For all of the foregoing reasons, plaintiff Gottbetter Capital Master, Ltd. (in liquidation) respectfully requests that this Court grant summary judgment in its favor, and against defendant Charys Holding Company, Inc., pursuant to Fed. R. Civ. P. 56, for the payment of:

(a)      An Event of Default Redemption Price totaling no less than $10,149,361, as adjusted to include Interest and Late Charges accruing post-February 1, 2008;

(b)      GCM's costs and expenses including, but not limited to, reasonable attorneys' fees and disbursements in an amount totaling no less than $68,916.69;

(c)      Statutory interest; and

---

[5] Charys further argues that "the damages issue should be determined by the factfinder" at trial.  Def. Mem., p. 5.  There is no merit to this claim.  As set forth above, the calculation of the Event of Default Redemption Price is governed by the express terms of the Note and can be calculated based *solely* upon the admitted facts herein. Supra, Argument, §§ II-III.  As such, this issue is ripe for adjudication by the Court.  Id. § III.  The cases cited by Charys are inapposite.  See e.g., Owens-Illinois Glass Co. v. Am. Coastal Lines, Inc., 222 F.Supp. 923, 925, 930 (S.D.N.Y. 1963) (moving party sought partial summary judgment on the issue of liability only); Danton v. Harry Winston, Inc., 20 F.R.D. 425, 426 (S.D.N.Y. 1957) (same).

(d)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York                  SULLIVAN & WORCESTER LLP
      February 13, 2008

By:_____
    Nathan A. Goldberg (NG 5742)
1290 Avenue of the Americas, 29th Floor
New York, New York 10104
(212) 660-3045

*Attorneys for Plaintiff Gottbetter Capital
Master, Ltd. (In Liquidation)*

10